UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ANDREA TAYLOR, | ) |
|    Plaintiff, | ) |
| v. | ) No. 6:23-CV-225-HAI |
| MARTIN O'MALLEY, | ) MEMORANDUM OPINION & |
| *Commissioner of Social Security*, | ) ORDER |
|    Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Claimant Andrea Taylor seeks review of the Social Security Administration's ("the SSA") denial of her request for disability benefits beginning on August 14, 2020. D.E. 7 at 26. Taylor initially filed a Title II application for disability and disability insurance on February 25, 2021. *Id.* Administrative Law Judge ("ALJ") Joyce Francis denied her application on January 4, 2023. *Id.* at 23. After exhausting her administrative remedies, Taylor sought judicial review of the Commissioner's denial on December 28, 2023. D.E. 1 at 3. The Commissioner filed an answer on February 23, 2024. D.E. 7. Taylor filed her opening brief on March 27, 2024. D.E. 12. The Commissioner filed a responsive brief on April 18, 2024. D.E. 14. Taylor filed a reply brief on May 2, 2024. D.E. 15. Thus, the matter is ripe for adjudication.

The Court has jurisdiction to hear Taylor's challenge under 42 U.S.C. § 405(g). Both parties consented to the referral of this matter to a magistrate judge. D.E. 8. Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The Court, having reviewed the record and for the reasons stated herein, **DENIES** Jones's request for relief.

## I. The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim. The ALJ followed these procedures in this case. *See* D.E. 7 at 26-33.[1]

At the first step, the ALJ must determine whether the claimant is currently engaged in a substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Here, the ALJ found that Taylor had been engaged in a substantial gainful activity from August 2020 to September 2020, but had not been engaged in a substantial gainful activity for the remainder of the period at issue. D.E. 7 at 28.

At the second step, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment that meets the [Social Security Act's] duration requirement . . . or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ determined that Taylor had the following severe impairments: obesity, status post lumbar fusions, arthritic changes in sacroiliac (SI) joints, cervical spondylosis, status post thoracic laminectomy, peroneal tendinitis, and incontinence. D.E. 7 at 28-29. The ALJ also determined that Taylor had hypertension and hypothyroidism. *Id.* The ALJ found these were nonsevere, but still considered the conditions while assessing Taylor's Residual Functional Capacity ("RFC"). *Id.*

At the third step, the ALJ must determine whether the claimant's impairments meet or equal an impairment listed in 20 CFR Part 404 Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, the claimant is found to be disabled. *Id.* Here, the ALJ found Taylor to have no such impairment. D.E. 7 at 29.

---

[1] Pinpoint citations herein are to the blue page numbers generated by CM/ECF.

When a claimant is not found disabled at the third step, the ALJ proceeds to the fourth step. At the fourth step, the ALJ must determine the claimant's past relevant work history and RFC, which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 404.1520(a)(4)(iv). Here, the ALJ determined Taylor had:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she can frequently climb ramps and stairs. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally stoop. She can frequently kneel, crouch, and crawl. She can frequently be exposed to vibration. She can never be exposed to unprotected heights or dangerous moving machinery. She can wear protective undergarments at work and would be off task 5% of an eight-hour workday.

D.E. 7 at 29. The ALJ further determined that Taylor was capable of performing her past relevant work as a general office worker. *Id.* at 33. As such, the ALJ found that Taylor was not disabled. *Id.*

Taylor contests the ALJ's finding of the "light work" RFC, making two arguments regarding the ALJ's treatment of the medical source opinions in her case. First, Taylor asserts that the ALJ failed to adequately consider the medical opinion of Dr. Travis Hunt, Taylor's primary treating physician. D.E. 12 at 8. Second, Taylor argues that the ALJ improperly relied on the opinions of two state agency physicians who had access to only a portion of the record. *Id.*

Plaintiff also argues in her reply brief that the ALJ failed to evaluate sufficient medical records in deciding the persuasiveness of the state agency physicians' opinion, in part by "not order[ing] a consultative examination to ascertain what the Plaintiff's current functioning was considering the recommended additional back surgery." D.E. 15 at 3. This was the first time Taylor stated the ALJ erred by failing to order a consultative examination; thus, this argument was forfeited. *See, e.g., Scotty K. v. Martin O'Malley*, No. 1:23-CV-127-LLK, 2024 WL 1055107 at * 4 (W.D. Ky. 2024) (citing *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("[T]he

3

appellant cannot raise new issues in a reply brief; he can only respond to arguments raised for the first time in appellee's brief.")). Even if it had not been waived, the point is without merit. While an ALJ is responsible for developing the record, the decision of whether to order such an examination is discretionary. 20 C.F.R. §§ 416.912(d) (2024); 404.1519 (2000). As discussed in more detail below, the record in this case is adequately comprehensive. There was sufficient information to allow the ALJ to make this finding without additional medical insight. Thus, even if the argument were not forfeited, this was not an error on the ALJ's part.

## II. Framework for Judicial Review

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would

4

decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mullen*, 800 F.2d at 545; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

An ALJ must articulate how they considered medical source opinions when evaluating an applicant's claim. 20 C.F.R. § 416.920c(a). Medical source opinions are weighed in light of supportability, consistency, relationship with the claimant, specialization, and any other relevant factors. *Id.* at § 416.920c(c). Supportability and consistency are the most important factors and must be explained in an ALJ's decision. *Id*. at § 416.920c(b)(2). The other three factors may, but do not have to, be articulated. *Id.* Under the supportability factor, a medical opinion will be more persuasive based on the relevancy of the objective medical evidence and supporting explanations the source provides. *Id.* at § 416.920c(c)(1). A medical source opinion will be found to be more persuasive when it is more consistent with the evidence from other sources in the record. *Id.* at § 416.920c(c)(2).

### III. Dr. Hunt's Medical Source Opinion

Taylor first argues that the ALJ erred in finding that the statement (D.E. 7 at 692) of Dr. Hunt, Taylor's primary treating physician, was unpersuasive. D.E. 12 at 8. The ALJ stated:

> Dr. Hunt filled out a check box form and did not offer any supporting evidence or rationale for the extreme limitations that he checked off. The extreme limitations checked off are not supported by or consistent with the objective medical evidence discussed above, which showed primarily moderate findings and satisfactory postoperative changes on imaging studies, significant improvement in the claimant's symptoms after each surgery, no significant problems with standing, walking, or sitting, and good management of residual pain with a back brace and Ibuprofen. Additionally, the claimant's symptoms are expected to improve more with thoracic spinal surgery.

D.E. 7 at 32.

Taylor contends that this is contrary to the record. D.E. 12 at 10-11. She argues that Dr. Hunt's findings were supported by the history of treatment reflected in the record, including those that he created. *Id.* at 12. However, Dr. Hunt did not provide any written explanation supporting the limitations marked on the checkbox sheet. D.E. 7 at 692. The Sixth Circuit has found that check-box forms may properly be given "little weight where the physician provide[s] no explanation for the restrictions on the form and cite[s] no supporting medical evidence." *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566-67 (6th Cir. 2016); *see also, e.g., Pruitt v. Saul*, 7:20-CV-77-EBA, 2022 WL 325372 (E.D. Ky. 2022) (affirming that the claimant's treating source physician lacked persuasiveness where the physician's opinion was a check-box form with no additional explanation). Dr. Hunt's form did not include any explanation or cite any supporting medical evidence. While Plaintiff notes other reports created by Dr. Hunt in the record, these reports did not explain Plaintiff's limitations. Rather they are examination notes, including Plaintiff's self-reports of pain, and findings which are not conducive to contextualizing Dr. Hunt's check box form without further expert explanation.

Plaintiff further takes issue with the ALJ's articulation of her finding of persuasiveness, specifically regarding her use of the word "extreme" when referring to Dr. Hunt's advised limitations. D.E. 12 at 11-12. The Court sees no procedural issues with the ALJ's articulation of Dr. Hunt's opinion's consistency or supportability. Taylor claims that the ALJ erred by not explaining "which limitations assessed by Dr. Hunt were 'extreme'" and "why she considered these unidentified limitations to be 'extreme.'" *Id.* at 10. Undeniably, though, Dr. Hunt marked the most restrictive limitations for nearly every category on this checkbox list. D.E. 7 at 692. Absent explanation from Dr. Hunt, the ALJ reasonably found this opinion inconsistent with the remainder of the record.

There is substantial evidence supporting this conclusion. Several reports in the record suggested that Taylor was improving throughout the period at issue, inconsistent with the checkbox form in Dr. Hunt's report. D.E. 7 at 32; *see, e.g., id.* at 335, 343, 493, 502-504, 642. The ALJ's opinion specifically referred to other reports that do not support Dr. Hunt's opinions. D.E. 7 at 32 (". . . showed primarily moderate findings and satisfactory postoperative changes on imaging studies, significant improvement in the claimant's symptoms after each surgery, no significant problems with standing, walking, or sitting, and good management of residual pain with a back brace and Ibuprofen."). The ALJ's explanation of these factors is sufficient.

The ALJ has provided sufficient explanation, with record references, to support her conclusion. As such, the Court affirms her finding that Dr. Hunt's report was not persuasive.

### IV. State Agency Physician Reports

Second, Taylor argues that the ALJ's findings on the persuasiveness of the state agency physicians, Drs. Booth and Sutherland, are inappropriate as neither analyzed the entire record. D.E. 12 at 14. Taylor calculates they each only reviewed approximately 70% of the record. *Id.* at 5-6. Dr. Booth's opinion, which was given on July 13, 2021, was limited primarily to most of the claimant's medical records through May of 2021. *Id.* Dr. Sutherland's opinion, issued February 11, 2022, only included review of the claimant's medical records through November of 2021. *Id.* As such, the opinions do not reflect any medical reports or occurrences from December of 2021 through the date of the ALJ's decision. *Id.* In particular, Taylor alleges they ignored a worsening in her condition that took place in the latter half of 2022. *Id.* at 14-15. While Taylor is correct in stating these medical sources only reviewed portions of the record, the ALJ's finding of persuasiveness is nonetheless supported by substantial evidence.

As the Commissioner points out, due to the nature of administrative processes like these, state agency opinions are always going to be dated to an extent. D.E. 14 at 13 (*citing McGrew v.*

*Comm'r of Soc. Sec.*, 343 F.App'x 26, 32 (6th Cir. 2009)).  Furthermore, the Sixth Circuit has found that "an ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if there is 'some indication that the ALJ at least considered these facts' before assigning greater weight to an opinion that is not based on the full record."  *Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 493-94 (6th Cir. 2008) (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir 2009)); *see also Scott H. v. Comm'r of Soc. Sec.*, NO. 3:21-CV-14-CHL, 2022 WL 4002318 (W.D. Ky. Sept. 1 2022); *Rogers v. Kijakazi*, No. 3:20-CV-618-CHB, 2022 WL 687250 (W.D. Ky. Mar. 8 2022).

The ALJ did not rely solely on these two opinions.  The decision discussed numerous other medical reports in the record, including radiology reports from August to September of 2022 and Bluegrass Orthopaedics records from August to October of 2022.  D.E. 7 at 27-28.  The opinion also noted Taylor's upcoming back surgery.  *Id.*  The ALJ's decision was premised on the record as a whole, with these two medical opinions only comprising a temporally limited portion of her consideration.  Plaintiff contends that the ALJ "filled in the gaps by either substituting [her] own lay opinion in the place of qualified medical opinions or by relying on the outdated medical opinions of Dr. Booth and Dr. Sutherland."  D.E. 15 at 3.  This is not the case.  The ALJ's decision cited other documents in the record which discussed Plaintiff's condition in plain language.  *See, e.g.*, D.E. 7 at 493 (noting Taylor "states she is 40% improved since her surgery" on April 1, 2021), 651 (reporting on March 1, 2022 that ". . . [Taylor] says that she is up and moving[,] she is walking daily.").  The ALJ also took Taylor's hearing testimony into consideration, in which Taylor herself explained her symptoms and treatment during the time period following the two reports.  D.E. 7 at 31.

8

Generally, the ALJ's decision appropriately articulated the consistency and supportability of both medical source opinions. The ALJ explained that these opinions are consistent with and supported by other medical reports in the record, both from before and after the opinions were issued. D.E. 7 at 32. They also support each other, coming to the same conclusions about Plaintiff's functional capabilities. *See id.* at 75 ("The initial assessment by Dr. Booth appears to be well supported and very persuasive, and is affirmed.").

As such, there is substantial evidence supporting the ALJ's finding that these opinions were persuasive. The Court therefore affirms the ALJ's decision on this issue.

### V. Conclusion

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's request to remand (D.E. 12) is **DENIED.**

(2) **JUDGMENT** will be entered in favor of the Commissioner by separate contemporaneous order.

This the 22nd day of October, 2024.

Signed By:
*Hanly A. Ingram*
**United States Magistrate Judge**

9